UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINA COLBERT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 15-13467

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [12]**

Plaintiff Nina Colbert seeks review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits. The Court referred the matter to Magistrate Judge Anthony Patti, and on February 10, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) that the Court affirm the Commissioner's decision. On February 24, 2017, Plaintiff filed two objections to the R&R (Dkt. 13), which the Court considers here. For the reasons stated below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the R&R. As a result, Defendant's motion for summary judgment is GRANTED [11], Plaintiff's motion for summary judgment is DENIED [10], the Commissioner's decision is AFFIRMED, and the case is DISMISSED.

**I. Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error are entitled to *de novo*

review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court may treat them as if they were waived. *See Harris v. Comm'r of Soc. Sec.*, 2017 WL 343729, at *1 (E.D. Mich. Jan. 24, 2017).

## II. Analysis

Plaintiff objects to the R&R on two grounds. First, Plaintiff argues that the R&R erred by concluding that 20 C.F.R. § 404.1503(e) did not require a case review by a qualified psychiatrist or psychologist. (Dkt. 13, at 2-5.) Under 20 C.F.R. § 404.1503(e), "where there is evidence which indicates the existence of a mental impairment," a determination regarding eligibility for benefits "will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." Plaintiff argues that the record contains evidence indicating the existence of a mental impairment, which the R&R ignores or mischaracterizes. (Dkt. 13, at 2.) This evidence includes: (1) Plaintiff's testimony; (2) the report prepared by Plaintiff's fiancé; (3) the ALJ's statement that Plaintiff "takes medication for anxiety and depression"; and (4) a diagnosis of anxiety in a medical report. (Dkt. 13, at 3-4.) For the reasons discussed below, the Court finds that this evidence--whether taken individually or collectively--does not indicate the existence of a mental impairment, so Plaintiff's first objection is overruled.

Plaintiff first directs the Court to her testimony that she feels "insecurity [as] far as I feel disfigured, the way certain words that I try to say, or the way my face moves when I am

talking. The pain is depression because I can't participate or be involved in a social life like I used to." (Dkt. 13, at 3 (quoting Dkt. 7-2, at 54).) Having reviewed this testimony *de novo*, the Court concurs with the R&R that it does not constitute evidence of an impairment. The R&R discusses that precise testimony and dismisses it as "generic testimony ... that she was depressed," which is "insufficient" to indicate the existence of a mental impairment. (*See* Dkt. 12, at 6, 16.) The Court agrees with that assessment.

The next evidence emphasized by Plaintiff is the report prepared by her fiancé, which states that Plaintiff "doesn't feel as attractive anymore, she fears I don't want to be with her at times and it makes her insecure." (Dkt. 13, at 3 (quoting Dkt. 7-6, at 8).) Having reviewed the report *de novo*, the Court again agrees with the R&R's assessment of the evidence. The R&R concludes that the report does not demonstrate "any mental health concerns" and adds that it actually "indicates Plaintiff has no issues involving her memory, concentration, understanding, getting along with others or completing tasks." (Dkt. 12, at 13-14 (citing Dkt. 7-6, at 7).) The Court concurs with that characterization.

Third, Plaintiff challenges the R&R's assessment of the statement in the ALJ's decision that Plaintiff "takes medication for anxiety and depression." (Dkt. 13, at 3-4 (quoting Dkt. 7-2, at 29).) Plaintiff contends that this statement indicates that she has a mental impairment. The problem with that argument, which the R&R recognizes, is that the ALJ's statement appears to have been premised entirely on Plaintiff's unsubstantiated hearing testimony. As the R&R points out, Plaintiff has presented no evidence related to dosage, date of prescription, identity of prescribing physician, history of treatment, effectiveness of treatment, or a historical record of the underlying condition. Therefore, Plaintiff is effectively asking the Court to conclude from her broad, unsubstantiated

3

assertion that she is taking medications that there is evidence in the record indicating an impairment. This the Court will not do. *See White v. Colvin*, 2015 WL 5210243, at *11-12 (E.D. Mich. Sept. 3, 2015) (finding that plaintiff's "testimony at the hearing that she had anxiety and depression" was not a "compelling reason for the ALJ to have ordered a psychological or psychiatric examination of plaintiff").

Finally, Plaintiff directs the Court to a record from St. John Providence Health System in which "anxiety appears to have been diagnosed." (Dkt. 13, at 3 (citing Dkt. 7-7, at 255).) The Court finds that this evidence does not compel a remand for two reasons. First, contrary to Plaintiff's contention, the R&R does not ignore or mischaracterize this evidence. Plaintiff never cited this record in her briefing before the Magistrate Judge, and, as the R&R states, the Magistrate Judge was not obligated to search the 770 page record with a fine-toothed comb to develop arguments for Plaintiff. (Dkt. 12, at 14 (citing *Davis v. Comm'r of Soc. Sec.*, 2016 WL 4445774, at *10 (E.D. Mich. July 29, 2016).) Moreover, the Court is not persuaded that an isolated reference to Plaintiff's anxiety in one medical report suffices to indicate mental impairment.

In sum, none of the evidence pinpointed by Plaintiff indicates, alone or collectively, that she suffers from a mental impairment, so the Court agrees with the R&R that a remand to ensure compliance with 20 C.F.R. § 404.1503(e) is unnecessary. Moreover, even if the ALJ had erred by failing to have a qualified psychiatrist or psychologist complete a case review, that error would be harmless because the record as a whole does not demonstrate that Plaintiff's alleged depression is severe. As the R&R notes, the record contains evidence of psychiatric examinations reflecting normal results. (Dkt. 12, at 13 (citing Dkt. 7-7, at 55, 218, 268).) Therefore, Plaintiff's first objection is overruled.

Plaintiff's second objection challenges the R&R's finding that the ALJ's decision was supported by substantial evidence. (Dkt. 13, at 5.) Plaintiff argues that "the Magistrate Judge misconstrued medical evidence and testimony that ultimately, resulted in an inadequate RFC to address Plaintiff's multiple severe medical conditions[.]" (*Id.* at 6.) Plaintiff then directs the Court to roughly a dozen portions of the record, essentially relitigating her case. (*Id.*) Given that this objection merely challenges the Magistrate Judge's ultimate determination regarding the weight of the evidence, it amounts to a general objection, which the Court may and does treat as waived. *Howard*, 932 F.2d at 509; *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that general objections to a magistrate judge's report and recommendation that are "summary in nature, with no specificity at all," are insufficient). Therefore, Plaintiff's second objection is also overruled.

### III. Conclusion

Given that Plaintiff's objections to the R&R have been overruled, the Court ACCEPTS AND ADOPTS the Magistrate Judge's R&R. Accordingly, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

SO ORDERED.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated: March 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2017, by electronic and/or ordinary mail.

            s/Carol J. Bethel
            Case Manager